IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES INC<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEILA SOPHIA AR, LLC D/B/A LETTUCE MIX, AND SHAHRAN TEHRANI<br>　　　　Defendants. | Civil Action. No. 09-CV-2582<br>Honorable Joan Humphrey Lefkow |

**DEFENDANTS' RULE 12(b)(6) AND (5) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Leila Sophia AR, LLC D/B/A Lettuce Mix, and Shahram Tehrani, by and through their attorneys, The Deratany Firm, respectfully submit this Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and insufficient service of process, pursuant to F.R.C.P. 12(b)(6) and (5). In support of this motion, the Defendants states as follows:

**I.   PLAINTIFF FAILED TO STATE A CLAIM AGAINST SHAHRAN TEHRANI IN HIS INDIVIDUAL CAPACITY**

The Plaintiff in the instant case has failed to set forth in their pleading any legal or factual basis to support a claim against the individual Defendant, Shahram Tehrani. In Illinois, a corporation is a legal entity which is separate and distinct from its shareholder, officers, and directors, who are not liable for the corporation's debts or obligations. APS Sports Collectibles, Inc. v. Sports Time, Inc., 299 F.3d 624, 628 (7th Cir. 2002). A corporation's veil of limited

liability can be pierced only when there is 1) "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist," and 2) when "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F. 3d 371, 379 (7th Cir. 2008). Piercing the corporate veil is not favored and generally, courts are reluctant to do so. Id. Additionally, a party seeking to pierce the corporate veil has the burden of showing that the corporation is really a "dummy or sham" for another person or entity. Id.

In the instant case, Plaintiff has made no allegations of piercing the corporate veil, nor any allegations of personal liability of the individual defendant Shahram Tehrani. There has been no pleading of unity of interest and ownership between Defendants Shahram Tehrani and Leila Sophia AR, LLC such as to extinguish their separate personalities, which is the first requirement of the "piercing the corporate veil" doctrine. In fact, there is no unity of interest, or merging of interest and if plaintiff plead such a frivolous claim defendant would be filing a Rule 11 motion.

Here, Plaintiff alleges that Defendant is the sole member of Leila Sophia AR, LLC. but fails to allege any other specific facts that would indicate that the separate personalities of the corporation and the individual no longer exist. In Judson, the seventh circuit held that the allegation that an individual was the sole shareholder and officer of a company was insufficient to enable the court to disregard the separate corporate existence. Id. at 380. Likewise, in the instant case, there would be no basis whatsoever to hold the individual Tehrani liable simple because he is the sole shareholder. Similar to Judson, the court here may not disregard the separate corporate existence.

Moreover, Plaintiff has not alleged that adhering to the separate corporate existence of Leila Sophia, LLC will sanction fraud and promote injustice. In Sea-Land Services, Inc. v. Pepper Source, 993 F.2d 1309, 1312 (7th Cir. 1993), the court held that a plaintiff creditor had adequately established that adherence to the fiction of separate corporate existence for five related business entities would sanction fraud or promote injustice, therefore satisfying the second requirement of the "piercing the corporate veil" doctrine. In that case, the plaintiff provided evidence showing that the individual defendant used his corporate entities as "playthings" to avoid his responsibilities to creditors; took "shareholder loans" from the corporations to pay personal expenses, leaving the corporations with insufficient funds to satisfy liabilities as they became due; performing illegal transactions through his business practices; and disregarded the tax code concerning the treatment of corporate funds. Id.

Unlike in Sea-Land Services, the Plaintiff in the instant case has not alleged any specific facts that would show that Defendant is using Leila Sophia AR, LLC for fraudulent purposes or for the promotion of injustice. In fact, Plaintiff would not be able to make any such allegations since the Defendants have acted completely appropriately in the operation of their business. In short, Plaintiff has not and cannot in good faith, allege that Leila Sophia AR, LLC is really a "dummy or sham" for Shahram Tehrani.

Because Plaintiff failed to allege that it satisfied the two requirements to pierce the corporate veil of Leila Sophia AR, LLC, it has no legal basis in bringing a claim against Shahram Tehrani individually.

## II.     PLAINTIFF FAILED TO SUFFICIENTLY SERVE PROCESS ON DEFENDANTS

Plaintiff served Defendant, by leaving a copy of the complaint with a waitress at one of his restaurants.[1] There is no question that service by such a means was improper and should be quashed. Under Rule of Civil Procedure 4(e), an individual in a judicial district of the United States may be served by:

> (1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)     doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In Illinois, service of process on an individual can be made in two ways:

> (1) by leaving a copy of the summons with the defendant personally; or (2) leaving a copy at the defendant's usual place of abode, with a person of the family or a person residing there, age of 13 years or older, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode. 735 ILCS 5/2-203.

In Harris v. Skytech Enters., Ltd., 2008 U.S. Dist. LEXIS 94444, (N.D. Ill. 2008), the court held that neither Federal service rules nor Illinois service rules allow service of process by leaving the summons and complaint with an employee at an individual's place of business. In that case, Plaintiff attempted service by leaving a copy of the summons and complaint with a

---

[1] Defendant has filed an appearance for purposes of responding to Plaintiffs TRO, however has not waived service as to the case.

receptionist at Defendant's office for his business, which the court found to be neither Defendant's residence nor his usual place of abode. Id.

As in Harris, On May 20, 2009, Plaintiff in the instant case, served a copy of the complaint by leaving a copy with a waitress at the restaurant in question. The restaurant, which is not open for business, is neither Defendant's place of residence nor his place of abode, thus Plaintiff's service of Defendant was improper.

WHEREFORE, the Defendants, Leila Sophia AR, LLC, and Shahram Tehrani, respectfully request that this matter be dismissed against them pursuant to pursuant to F.R.C.P. 12(b)(6) and (5) for failure to state a claim upon which relief can be granted and insufficient service of process.

                THE DERATANY FIRM

                By: /s/Jay Paul Deratany____
                     Attorney for Defendants

THE DERATANY FIRM
221 North LaSalle Street
Suite 2200
Chicago, IL 60601
(312) 857-7285
Attorney No. 6197097

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES INC | )<br>)<br>) |
| Plaintiff, | ) Civil Action. No. 09-CV-2582<br>) Honorable Joan Humphrey Lefkow<br>) |
| v. | )<br>)<br>) |
| LEILA SOPHIA AR, LLC D/B/A LETTUCE MIX, AND SHAHRAN TEHRANI | )<br>)<br>)<br>) |
| Defendants. | ) |

## NOTICE OF FILING

TO:  Mr. Anthony McShane, Neal, Gerber & Eisenberg, LLP., Two North LaSalle Street, Suite 1700, Chicago, IL 60602

   PLEASE TAKE NOTICE that on June 30, 2009, the undersigned caused to be filed electronically with the United States District Court for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn Street, Room 1925, Chicago, Illinois, the attached Defendants' Rule 12(b)(6) and (5) Motion to Dismiss Plaintiff's Complaint, a copy of which is hereby served upon you.

DATED:   June 30, 2009

                                Respectfully submitted,


                        By:   /s/ Jay Paul Deratany_____
                                Attorney for the Defendants

Jay Paul Deratany
THE DERATANY FIRM
221 North LaSalle Street
Suite 2200
Chicago, IL 60602
(312) 857-7285
ARDC No. 6197097